# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2021

Lyle W. Cayce
Clerk

No. 20-11150
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUEL NUNEZ-GONZALEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-55-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Manuel Nunez-Gonzalez appeals the sentence imposed following his conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326(a) and (b)(2). He first contends that, based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his sentence is unconstitutional because

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 1326(b) permits a sentence above the otherwise applicable statutory maximum found in § 1326(a) without requiring that the necessary facts be alleged in an indictment and proven beyond a reasonable doubt. We review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Nunez-Gonzalez properly concedes that his position is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998). *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007). He seeks only to preserve the issue for further review. There is no error, plain or otherwise.

Nunez-Gonzalez also argues that his 72-month above-guidelines sentence is substantively unreasonable because it is greater than necessary to achieve the goals of § 3553(a). He states that the district court gave too much weight to the fact that he reentered the United States only one day following his second removal to Mexico and that it failed to account for or to give enough weight to the fact that he was forcibly returned to the United States by a cartel. He argues that his sentence is extremely harsh considering it was ordered to run consecutively to two 15-year state sentences.

His challenge to the substantive reasonableness of his sentence was preserved. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). In reviewing a non-guidelines sentence for substantive reasonableness, we "consider the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). A sentence is substantively unreasonable if it ignores a factor that should have been given considerable weight, heavily weighs an improper factor, or is the result of "a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation and citations omitted).

No. 20-11150

The record shows that the district court gave due consideration to the § 3553(a) factors. Notably, notwithstanding the circumstances of Nunez-Gonzalez's second illegal reentry, the district court's finding that there was a high likelihood that Nunez-Gonzalez would return to the United States and commit crimes was supported by the fact of his first illegal reentry, the fact that his family lives in the United States, his extensive criminal history, and the failure of previous sentences to deter him from criminal conduct.

Accordingly, Nunez-Gonzalez has not shown that his sentence is substantively unreasonable. *See Chandler*, 732 F.3d at 437. Moreover, the extent of the variance is similar to others we have affirmed. *See Brantley*, 537 F.3d at 349-50; *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006). The district court's judgment is AFFIRMED.